IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD BEECHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.3:13-CV-1003-NJR-DGW |
| | ) |
| LT. TIMOTHY VEATH and KIMBERLY BUTLER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Howard Beecham, an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Hill Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Western Illinois Correctional Center ("WICC") and Menard Correctional Center ("Menard"). More specifically, Plaintiff claims that prison officials at WICC retaliated against him for filing grievances and, ultimately, transferred him to Menard for his alleged involvement in a fight that occurred outside of his presence. According to Plaintiff, Defendant Lieutenant Veath, the Chair of Menard's adjustment committee, did not properly handle his hearing on the disciplinary ticket related to the fight at WICC. Finally, Plaintiff alleges he was assigned to a cell at Menard with a "filthy" mattress and did not receive toilet paper, a toothbrush, toothpaste, soap, a blanket, sheet, pillow case, or towel until at least three days after his arrival.

After in initial screening of Plaintiff's Complaint pursuant to 28 U.S.C. §1915A, Plaintiff was allowed to proceed in this action on four counts:

Count One: Fourteenth Amendment due process claim against Defendant Veath for denying Plaintiff adequate notice and a hearing on his disciplinary ticket for conspiracy to commit a violent assault;

Count Two: Eighth Amendment claim for unconstitutional conditions of confinement at Menard against Menard's Warden, Defendant Harrington, in his official capacity;

Count Three: Eighth Amendment claim for deliberate indifference to serious medical needs against Unknown Menard Medical Staff and Defendant Harrington in his official capacity only for injunctive relief; and

Count Six: Eighth Amendment claim against Defendant Unknown Menard Lieutenant for elbowing Plaintiff and Defendant Unknown Menard Prison Guard for hitting Plaintiff in the face during intake, and Defendant Harrington in his official capacity only for injunctive relief.

On January 28, 2015, the Court dismissed, with prejudice, all of the unknown defendants, citing Plaintiff's failure to prosecute his case against these defendants (Doc. 43). Accordingly, Plaintiff is proceeding on Counts Three and Six against only Defendant Warden Harrington in his official capacity for purposes of securing any necessary injunctive relief. Further, the Court notes that, pursuant to Federal Rule of Civil Procedure 25(d), Kimberly Butler, the current warden of Menard, is substituted for Richard Harrington as a Defendant in this matter, as all claims pending against Defendant Harrington were brought against him only in his official capacity as the Warden of Menard.

Defendants Veath and Butler filed a Motion for Summary Judgment on June 5,

2015, asserting they are entitled to judgment as a matter of law (Doc. 46). Despite being provided adequate notice (*see* Doc. 48) and ample time and opportunity, Plaintiff has failed to file any response to Defendants' Motion.

## FACTUAL BACKGROUND

Plaintiff's claims in this matter stem from accusations that Plaintiff ordered the assault of an inmate that occurred on March 18, 2013, at Western Illinois Correctional Center ("WICC"). Soon after the fight occurred, Plaintiff was taken to segregation at WICC and then transferred to the segregation unit at Menard Correctional Center ("Menard") on March 19, 2013 (Plaintiff's Deposition, Doc. 47-1, pp. 2-3). Following his placement at Menard, Plaintiff received a disciplinary ticket on April 2, 2013, for conspiring to execute an assault on another inmate (Doc. 47-1, p. 3; Plaintiff's Disciplinary Ticket, Doc. 47-3). Plaintiff received the ticket when an officer came and slid it in his cell (Doc. 47-1, p. 4). Plaintiff claims he was not asked to sign his ticket (*Id.*). The disciplinary ticket indicated that an investigation by the Intel Unit determined that Plaintiff directed an inmate at WICC to assault another inmate on March 18, 2013 (Doc. 47-3). As such, Plaintiff was charged with the offense of "STG or U/A Organization Activity, 601-100 Conspiring Violent Assault on any Person" (*Id.*).

A hearing on this ticket was held before the Adjustment Committee at Menard on April 4, 2013 (Doc. 47-1, p. 4; Adjustment Committee Final Summary Report, Doc. 47-6). Defendant Timothy Veath was the Chairperson of the Hearing Committee (*see* Doc. 47-6). At the hearing, Plaintiff pleaded not guilty to the charges (Doc. 47-1, p. 4; Doc. 47-6). Plaintiff also submitted a written statement and proffered an oral argument (Doc.

47-1, p. 5). Plaintiff requested witnesses from WICC at the hearing, but was told by Defendant Veath that he was not able to call these witnesses because he did not fill out the witness request form at the bottom of the disciplinary ticket (Doc. 47-1, p. 5). Plaintiff explained to Defendant Veath that he was not able to fill out the witness request form because the officer who handed him the ticket walked away soon after dropping it off, so he did not have an opportunity to request his witnesses (Doc. 47-1, pp. 4-5). Plaintiff believes that the witness request form must be filled out as soon as the ticket is dropped off (Doc. 47-1, p. 5).

Also at the April 4 hearing, Plaintiff explained that the disciplinary ticket was served more than fourteen days after it was written, in contravention of the Illinois Administrative Code (Doc. 47-1, p. 5). Plaintiff complained that the ticket was out of time, as was the hearing for the ticket, and he also mentioned that he never received an investigation ticket (*Id.*). Plaintiff testified that Defendant Veath ignored Plaintiff's complaints, stating that at Menard they "do what they want to do" (Doc. 47-1, p. 6). Plaintiff also testified that Defendant Veath ignored provisions of Illinois Administrative Code § 504.30 and failed to consider exculpatory evidence from confidential informant number four in the investigatory report (*Id.*).

With regard to his conditions of confinement claim, Plaintiff testified that he is no longer housed at Menard and is no longer exposed to the same conditions he complained of (Doc. 47-1, p. 7). Plaintiff testified, however, that he is still suffering from various health ailments and has not yet received medical care, despite filing grievances (Doc. 47-1, p. 7).

## **LEGAL STANDARD**

Summary judgment is proper only if the moving party can demonstrate there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.* 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to a judgment as a matter of law where the nonmovant "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)) (other citations omitted).

## DISCUSSION

**I.   Count One–Fourteenth Amendment Due Process Claim against Defendant Veath**

Plaintiff claims that his Fourteenth Amendment due process rights were violated by the manner in which Defendant Veath conducted the disciplinary hearing on April 4, 2013. Primarily, Plaintiff complains that (1) the hearing was conducted in contravention of the Illinois Administrative Code, (2) he was unable to call witnesses to appear before the Adjustment Committee, (3) Defendant Veath failed to consider exculpatory evidence in reaching his decision, and (4) Defendant Veath failed to properly justify the Committee's decision. Defendant Veath asserts he is entitled to judgment as a matter of law because (1) Plaintiff was afforded all due process guaranteed by law at his April 4, 2013 disciplinary hearing, and (2) he is entitled to qualified immunity.

Although incarceration necessarily makes many rights and privileges of ordinary citizens unavailable, "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). In particular, prisoners may not be deprived of life, liberty, or property without due process of law. *Id.* at 556 (citations omitted). In substantiating a due process claim, a plaintiff must establish that: (1) there was a protected interest at stake that necessitated the protections demanded by due process; and (2) the disciplinary hearing process was in accordance with procedural due process requirements.

With respect to whether there was a protected interest at stake, Defendant Veath concedes that Plaintiff possessed a liberty interest entitling him to due process

Page 6 of 15

protections at his disciplinary hearing. Indeed, the Seventh Circuit has held that federal due process protections must be followed before a term of one year in segregation may be imposed. *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (citation omitted). As Plaintiff was sentenced to one year of segregation by the Adjustment Committee, it is apparent that he was entitled to due process protections at the hearing held on April 4, 2013. Accordingly, it is necessary to determine whether the disciplinary hearing process met with procedural due process requirements.

Prison disciplinary hearings satisfy procedural due process requirement where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or its correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff*, 418 U.S. at 563-69; *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

With regard to the first requirement, it is well settled that an inmate must be provided with written notice of the claimed violation at least twenty-four hours prior to the hearing. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). The twenty-four hour notice requirement is designed to allow "the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff*, 418 U.S. at 564.

Plaintiff does not allege that he was not provided the requisite twenty-four hour prior notice of his hearing; rather, Plaintiff complains that the ticket was issued and the hearing conducted beyond the timeframe allowed by the Illinois Administrative Code,

and the ticket was vague and prevented him from preparing an adequate defense (*see* Doc. 12, p. 13). The Court need not entertain Plaintiff's complaints as they relate to the timeliness of the proceedings within the parameters of the Illinois Administrative Code, because such violations do not necessarily amount to due process violations. *See Caruth v. Pinkney*, 683 F.2d 1044, 1052 (7th Cir. 1982) ("By itself, however, the failure to comply with the regulation does not amount to a violation of constitutional magnitude."). Moreover, Plaintiff's claim that the ticket was too vague to allow him to prepare an adequate defense is not supported by the evidence. At his deposition, Plaintiff articulated that he did in fact understand the charges and acknowledged that the basis of the ticket was that he allegedly told one inmate to assault another inmate at WICC (Doc. 47-1, p. 3). Further, Plaintiff indicated he was familiar with the inmates involved and was aware that the incident at issue occurred on March 18, 2013 (*Id.*). The evidence before the Court establishes that Plaintiff was provided with a disciplinary ticket citing the charge brought against him as well as the facts underlying the charge. Said ticket was served on Plaintiff on April 2, 2013. Accordingly, the notice provided to Plaintiff preceding his April 4, 2013 hearing was sufficient to pass constitutional muster.

Plaintiff makes no claim that he was not afforded the right to appear in person before an impartial body at his April 4, 2013 disciplinary hearing. Accordingly, Plaintiff's hearing met constitutional muster as to the second due process requirement.

With regard to the third requirement concerning an inmate's right to call witnesses, Plaintiff claims that he sought to call witnesses incarcerated at WICC who were involved in and/or present during the alleged fight, but was denied his request at

the disciplinary hearing because he had not filled out the witness request form. Plaintiff further claims that he was not provided with an adequate opportunity to fill out the witness request form when he was served with the disciplinary ticket. Importantly, the right of inmates to call witnesses at disciplinary hearings is not unqualified; rather, the Supreme Court's decision in *Wolff* may be interpreted as affording inmates the right to call witnesses when their requests are *timely*. *Sweeny v. Parke*, 113 F.3d 716, 720 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001). As the Seventh Circuit Court of Appeals found in *Sweeney v. Parke*, prison officials need leeway in operating their institutions in an orderly fashion and an inmate's day-of-hearing request to call witnesses may be a delay tactic, may raise the level of confrontation between prison staff and the inmate and thereby undermine prison officials' authority, and may disrupt the institution's disciplinary process and hinder its rehabilitation function. *Sweeney*, 113 F.3d at 720. Accordingly, the Seventh Circuit acknowledges that prison officials are justified in summarily denying such requests. *Id.*

In this case, Plaintiff's disciplinary ticket included a detachable witness request form at the bottom. This request form instructed inmates to "Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing" and provided spaces for the inmate to fill out his name, identification number, date of disciplinary report, and the names of witnesses he sought to call. The form included the following language: "I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date." It is undisputed that Plaintiff was served with this form on April 2, 2013, for his hearing that

was to be conducted two days later, on April 4, 2013. It is further undisputed that Plaintiff did not request any witnesses to provide testimony at or for his hearing until he was before the Adjustment Committee. Plaintiff certainly had sufficient time to fill out the witness request form and submit it, as instructed, to the Adjustment Committee or Program Unit "prior to the hearing." Although the Court acknowledges that Plaintiff claims he was under the mistaken belief that such written request needed to be made immediately upon service of the ticket, he provides no evidence to support how his belief was founded, as the instruction included in the request slip contradicts his belief. Based on the evidence before the Court, it is apparent that Plaintiff had the opportunity to request witnesses when he was notified of the disciplinary hearing, and he chose not to take advantage of that opportunity. As such, Plaintiff received the process he was due with regard to his right to call witnesses.

Finally, Plaintiff contends that Defendant Veath failed to provide sufficient justification for the Adjustment Committee's decision and, specifically, failed to address why it excluded exculpatory evidence provided by confidential informant number four. As mentioned above, one of the due process rights afforded to each inmate is "a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken." *Wolff*, 418 U.S. at 545. Due process is violated when a written statement as to the evidence relied on and the reason for the disciplinary action is not provided. *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981). The statement of reasons for the decision guarantees that being found guilty does not violate the inmate's substantive due process rights by ensuring that guilt is found by the appropriate quantum of

evidence. *Id.* at 1287 (citations omitted). The kind of justification required to satisfy the constitutional minimum varies from case to case depending on the severity of the charges, the complexity of the factual circumstances, and the proof offered by both sides. *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987). A less complicated, relatively simple case may satisfy the written explanation requirement by merely stating the board believed the contents of the conduct report. *Id.* Importantly, "[h]igh discretion is afforded to decisions of prison disciplinary committees for they often must act swiftly and on evidence that would be insufficient in less exigent circumstances." *Estelle v. McGuire*, 502 U.S. 62 (1991); *see also Whitford v. Boglino*, 63 F.3d 527, 537 (7th Cir. 1995) (quoting *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 456 (1975)). Moreover, the written statement requirement is not onerous and need only illuminate the evidentiary basis and reasoning behind the decision. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (citations omitted).

In this case, the Final Summary Report issued by the Adjustment Committee explained its basis for the decision as follows:

> Additional information added per grievance office. Written statement was given at the time of the hearing by inmate Beecham.
>
> Based on the investigation concluded by the intel unit at W.I.C.C. that confidential informants stated I/M Beecham […] called an assault on I/M Crawford. The assault was ordered due to Crawford assaulting his cellmate I/M Hall. Another CI stated that Beecham also ordered an assault on another I/M Richburg. The assaults were all due to gang activity. The CI's names have been withheld due to the safety and security of the facility. The interview was witnessed by C/O Jennings. I/M Beecham gave no exonerating evidence on his behalf (Doc. 47-6).

The Adjustment Committee's written basis for its decision clearly indicates that it relied

upon the intelligence officers' report and the statements made by multiple confidential informants at WICC that stated Plaintiff ordered the March 18, 2013 assault. Importantly, the intelligence officers' report includes statements from six confidential informants, all of whom indicate the assault on March 18, 2013 was called by Plaintiff and related to "STG" activity. In particular, confidential informant number four stated that the fight was called by Plaintiff, indicating that Plaintiff "has a good word and they … do listen to him" (Doc. 47-3, p. 2). Although the Adjustment committee's written decision may not be as detailed as Plaintiff would like, it is sufficient to pass constitutional muster as it clearly delineates the evidence relied upon in reaching its decision and sufficiently ensures that the committee did not act arbitrarily, but rather, acted reasonably by virtue of the evidence before it.

For these reasons, Defendant Veath is entitled to summary judgment on Plaintiff's Fourteenth Amendment due process claim. The Court need not consider the issue of qualified immunity because it has already concluded that the evidence, when viewed in a light most favorable to Plaintiff, does not establish a genuine issue of fact as to whether Defendant Veath violated his due process rights in relation to Plaintiff's April 4, 2013 disciplinary hearing.

## II.  Eighth Amendment Unconstitutional Conditions of Confinement Claim against Defendant Butler

Plaintiff's Eighth Amendment conditions of confinement claim is brought solely against Kimberly Butler, the current Warden of Menard, in her official capacity. Plaintiff's claim relates to the cleanliness of his cell and shower facility and the failure to

distribute various hygiene items while he was incarcerated at Menard. As Plaintiff failed to identify any individual who personally participated in this alleged constitutional violation, Plaintiff is solely seeking injunctive relief.

It is well established that when a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless "he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Since the filing of his complaint, Plaintiff has been transferred to Stateville Correctional Center (Doc. 47-1, p. 2), and, according to the IDOC's website, is currently incarcerated at Hill Correctional Center.[1] There is no evidence before the Court that Plaintiff is likely to be retransferred to Menard. Moreover, Plaintiff testified at his deposition that he is no longer exposed to the same conditions he complained of when this action was filed. Accordingly, Plaintiff's request for injunctive relief in Count Two is moot and, as Plaintiff was pursuing Count Two only for purposes of securing injunctive relief, his claim is now moot and may be dismissed.

### III. Eighth Amendment Deliberate Indifference Claim against Unknown Medical Personnel and Defendant Butler

With regard to his deliberate indifference claim, Plaintiff alleges that unknown medical staff at Menard failed to treat his lice, bloody stools, knee pain, acid reflux, breathing difficulties, heartburn, a "receding" tooth, and weight loss. The warden of Menard, Kimberly Butler, was added as a defendant as to this count only for purposes of

---

[1] This Court may take judicial notice of the accuracy of the IDOC's inmate search function. *See* FED. R. EVID. 201. *See also Denius v. Dunlap*, 330 F.3d 919 (7th Cir. 2003).

securing any necessary injunctive relief. On January 28, 2015, the Court entered an Order dismissing the unknown defendants with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Doc. 43). Accordingly, Warden Kimberly Butler is the only remaining defendant named in this Count.

Again, it is well established that when a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless "he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). As explained above, Plaintiff is no longer at Menard, and there is no evidence before the Court that he will be transferred back there. The Court shall not assume without reason that Plaintiff might once again find himself an inmate at Menard and find himself subject to the same medical treatment of which he complains. For these reasons, Plaintiff's request for injunctive relief in Count Three is moot and, as Plaintiff was pursuing Count Three only for purposes of securing injunctive relief, his claim is now moot and may be dismissed.

## IV. Eighth Amendment Excessive Force Claim against Unknown Prison Staff and Defendant Butler

With regard to his excessive force claim, Plaintiff alleges that an unknown lieutenant at Menard elbowed Plaintiff and an unknown prison guard hit Plaintiff in the face during intake. The warden of Menard, Kimberly Butler, was added as a defendant as to this count only for purposes of securing any necessary injunctive relief. On January 28, 2015, the Court entered an Order dismissing the unknown defendants with prejudice

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Doc. 43). Accordingly, Warden Kimberly Butler is the only remaining defendant named in this Count.

Once again, there is no evidence before the Court that Plaintiff is likely to be retransferred to Menard. For the reasons set forth above, Plaintiff's request for injunctive relief in Count Six is moot and, as Plaintiff is pursuing Count Six only for purposes of securing injunctive relief, his claim is now moot and may be dismissed.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendants Kimberly Butler and Timothy Veath (Doc. 46) is **GRANTED**. This action is **DISMISSED with prejudice.** The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

DATED: November 10, 2015

> s/ Nancy J. Rosenstengel
> **NANCY J. ROSENSTENGEL**
> **United States District Judge**